IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Arby's Restaurant Group, Inc. Data Security Litigation<br><br>ALL CASES | Case Nos. 1:17-cv-00514-AT and 1:17-cv-1035-AT<br><br>CLASS ACTION<br><br>MASTER DOCKET |

**SCHEDULING ORDER AND ORDER REGARDING**
**DISCOVERY PLAN AND DEPOSITION PROTOCOL**

The Court hereby enters the following deadlines for fact discovery:

| | EVENT | DUE DATE |
|---|---|---|
| 1 | Parties serve Initial Requests for Production of Documents (Joint and Separately for Both Tracks) | On or before January 8, 2018 |
| 2 | Parties Begin Meet and Confer Process Regarding Scope of Initial Document Requests | On or before January 24, 2018 |
| 3 | Parties Serve Responses and Objections to Initial Document Requests and Begin Document Production | Within 40 days of the Court's ruling on Defendant's Motions to Dismiss |
| 4 | Answers (in each case, respectively) | 30 days after a decision on each motion to dismiss, respectively |

|   | EVENT | DUE DATE |
|---|---|---|
| 5 | Beginning of Fact Discovery (including discovery regarding class certification) | 30 days after answer is filed in the consumer or financial institution class actions, whichever is later |
| 6 | Substantial Completion of Document Production in Response to Initial Document Requests | Four months after beginning of fact discovery |
| 7 | Fact Discovery Closes | Eight months after beginning of fact discovery |

## Approval of Parties' Stipulation

The Parties, through their respective counsel of record, stipulate to the following regarding the scope of discovery and the depositions of Party and Third-Party witnesses in this matter.

Discovery will be coordinated across all Actions and this Stipulation and Order applies collectively to the Consolidated Consumer Action and the Consolidated Financial Institution Action (each an Action and jointly the "Actions"). The term "Party" herein refers to any one of the following: the Consolidated Consumer Action Plaintiffs collectively, the Consolidated Financial Institution Action Plaintiffs collectively, and/or Arby's Restaurant Group, Inc. ("Arby's"). The term "Side" means either (1) the Consolidated Consumer Action

Plaintiffs collectively and the Consolidated Financial Institution Action Plaintiffs collectively or (2) Arby's.

### Privilege Logs

1. The Parties are not required to log privileged or work product documents to, from, or between outside or in-house counsel, dated after February 9, 2017. Both sides reserve the right to request a log of particular types of these documents where good cause exists.

2. The producing Party will provide an initial privilege log within 60 days of the beginning of its document production, and will provide a further privilege log promptly following the substantial completion of its document production.

### Interrogatories

3. Each Party may serve no more than 25 interrogatories, including all discrete sub-parts, in each Action in which it is a party.

### Requests for Admission/Document Authentication

4. In an effort to reduce the number of requests for admission, the Parties agree to meet and confer regarding authenticity of documents under FRE 901 to try to avoid the need to use requests for admission for this purpose.

### Depositions

5. Each deposition, except for Rule 30(b)(6) depositions, will be limited

to 7 hours, unless otherwise requested and good cause is shown, except that a non-noticing Party may extend the 7 hour time limit to the extent it wishes to conduct reasonable follow-up questioning of a deponent following the noticing Party's examination.  For Rule 30(b)(6) depositions, each designee's deposition will be limited to 7 hours, unless otherwise requested and good cause is shown, and subject to the exception set forth in the preceding sentence.   Expert depositions will not count against the total limit on  depositions.

6. Other than the limitations to be set forth by the Court on the total hours or number of depositions in a subsequent order, there are no limits on the number of depositions under Rule 30(b)(6).  Time used by an examining Party shall count against that Party's limit, regardless of which Party noticed the deposition.

7. The court reporter service shall maintain a total running time for each deposition, as well as the examination time used by each Party, to measure compliance with the time limitations and time allocation provisions set forth herein or otherwise agreed to by the Parties.

8. This Order does not limit any Party's right to object to or seek a Protective Order with respect to any deposition noticed in the Actions. Nor does it limit any Party's right to seek to adjust (upward or downward) or to add to the

numerical and time limits set forth above based on subsequent developments in one or both of the Actions.

### Deposition Protocols

9. Depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all Parties electronically. Any subpoenas for deposition testimony (notwithstanding the following paragraph) shall be served on witnesses as required by law, but copies may be served electronically on all Parties. Deposition notices shall have the legal effect of a deposition notice in each Action in which they are noticed.[1]  In the event a deposition is noticed in one Action but not noticed by means of a joint notice or a cross-notice to occur simultaneously in the other Action, the deposition of the witness may not thereafter be noticed to occur separately in the other Action absent agreement of the Parties or order of the Court.

10. To the extent that any witness is a former Arby's employee, counsel for Arby's shall provide the date of departure and last known address of the former employee in response to a written request from the Party intending to notice the deposition. Counsel for Arby's shall notify any Party noticing the deposition of a former Arby's employee as soon as possible as to whether counsel

---

[1] The Court will issue its determination on the parties' dispute as to how depositions shall count against the noticing party's limit in a subsequent order.

will accept service of the notice and will be representing that person for the deposition.

11.  Counsel will aim to coordinate on deposition scheduling in advance of sending notices of deposition. Nothing herein precludes a Party from serving a notice of deposition following such request if dates are not agreed upon within five business days of notice of intent to depose having been given.

12.  No witness will be deposed more than once unless, and then only to the extent, that person is offered as a Rule 30(b)(6) designee in addition to being deposed as an individual witness.

13.  Deposition exhibits will be marked sequentially, regardless of which Party marks an exhibit, and by marking the first exhibit marked at a deposition with the next number after the number of the last exhibit marked at the previous deposition.

14.  Each witness may be questioned by no more than one counsel from each Party to the Action(s) in which the deposition has been noticed, with the exception of depositions taken pursuant to Rule 30(b)(6).  With respect to Rule 30(b)(6) depositions, each designee may be questioned by no more than one counsel from each Party to the Action(s) in which the deposition has been noticed.

15.  All deponents, including parties, will be deposed where they reside,

unless the Parties reach a mutual agreement as to an appropriate alternative location. Disputes regarding deposition location that cannot be resolved through the meet and confer process shall be decided on an expedited basis by the Magistrate Judge through a telephonic hearing with no briefing unless so ordered.

16.     Given the travel costs involved, the Parties shall be flexible about completing and continuing depositions in order to avoid repeat travel where practicable.

17.     To minimize travel and related costs, counsel may participate in any deposition by telephone. Counsel intending to do so must notify counsel for the Party that noticed the deposition and counsel for the witness at least 3 days before the date of the deposition. Counsel noticing the deposition shall make arrangements so that a conference call line is available during the deposition. Any Party appearing by conference call line shall be responsible for the cost of the additional feature. To the extent any counsel requests real-time video and/or text feed, that counsel is responsible for setting up and paying for the cost of that additional feature. Examining counsel and counsel intending to participate by phone shall cooperate in good faith to facilitate such participation. No deposition shall be delayed or impeded by technical issues related to counsel appearing by telephone or by other non-present means.

18. Regardless of location, all depositions shall be conducted in accordance with all applicable Federal Rules of Civil Procedure unless otherwise required by law. All objections shall be stated concisely in a non-argumentative and non-suggestive manner. The phrase "objection, form" shall preserve all objections to the form of a question and shall be used instead of making any particular objection to the form of a question. No objection shall be waived by a failure to object except as provided in Fed. R. Civ. P. 32(d)(3). Any objection to a question shall be deemed to have been made on behalf of all other Parties, and need not be repeated by another counsel to preserve that objection on behalf of such other Parties. Counsel shall avoid making speaking objections or repeating objections already preserved, including but not limited to, and, in particular, when participating by phone.

All objections except as to the form of the question, foundation, or responsiveness are reserved until trial or other use of the deposition transcript.

19. The following stipulation will apply to all depositions taken in these Actions and shall be included in each transcript by the court reporter:

Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under

penalty of perjury. Within 30 days of receiving the transcript from the court reporter, the witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

Nothing in this paragraph prevents the Parties from entering into additional stipulations that they believe are necessary.

20. The following provisions will apply to the handling and signing of transcripts:

    a. The court reporter will send the original transcript by overnight mail to the deponent's counsel. In the case of a Third-Party Deponent, the court reporter will include with the transcript a postage-paid envelope with return to counsel for the noticing Party.

    b. The witness will have 30 days from receipt to review the transcript, make any changes on an errata sheet provided by the court reporter, sign the transcript under penalty of perjury, and return it to counsel for the noticing Party.

    c. If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature within 30 days from the date of receipt, the witness shall

return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony made by the witness. Any witness who makes changes to his or her deposition transcript must, as required by Federal Rule of Civil Procedure 30(e)(2), sign a statement listing the changes and the reasons for making them.

      d.      Counsel for the noticing Party will circulate a copy of the errata sheet and signature page within 7 days of receipt.

      e.      If the original transcript is not signed and returned with errata (if any) by the deadline specified above, the Parties agree that a certified copy can be used for all purposes, as if it were an executed and corrected original transcript.

      f.      Counsel for the noticing Party will maintain the original transcript and bring it to trial.

21.     The following provisions will apply to Third-Party Deponents (as defined below):

      a.      A "Third-Party Deponent" is any deponent who does not have the status of a "party" under Rule 30.

      b.      Counsel will coordinate on: i) scheduling, to avoid imposing undue burden on Third-Party Deponents; and ii) resolution of any objections raised by the Third-Party Deponent.

c. Third-Party Deponents subpoenaed to produce documents will be served with the subpoena *duces tecum* at least thirty (30) calendar days before the scheduled deposition.  Other depositions of Third-Party Deponents shall be noticed at least 14 days before the scheduled deposition.

d. Each Party will designate a Contact Person to receive documents produced by Third-Party Deponents. Any counsel who receives documents produced by a Third-Party Deponent in response to a subpoena *duces tecum* will produce copies of those documents to the designated Contact Persons within one business day.  Counsel will produce documents produced by Third-Party Deponents in the same format in which they were produced by the Third-Party Deponent if the documents were produced in electronic format or in electronic format such as pdf if the documents were produced in hard copy.  All counsel who receive documents produced by a Third-Party Deponent will use best efforts to produce these documents to the Contact Persons by ftp or similar electronic means to avoid the delays involved in sending documents by overnight mail.  Counsel transmitting the production to the Contact Persons may include a bill for reasonable reproduction and transmission costs to be paid by the receiving Contact Persons or the Parties they represent.

e. Absent agreement of the Parties or a court order allowing for

additional time under Rule 30(d)(1), the subpoenaing Side may depose a Third-Party Deponent for up to 7 hours unless the non-subpoenaing Side has cross-noticed the deposition of the Third-Party Deponent in question, in which event, the subpoenaing Side may presumptively depose the Third-Party Deponent for up to 3.5 hours and the cross-noticing Side may presumptively depose the Third-Party Deponent up to 3.5 hours. The Sides will meet and confer in good faith regarding this presumptive split of deposition time as needed. To the extent that either Side does not use its allotted time, the other Side may use the remaining time for further questioning.

22. Any matter not addressed in this Stipulation and Order is governed by the applicable provisions of the Federal Rules of Civil Procedure, the Local Rules, and Judge Totenberg's Standing Order [ECF No. 3].

23. Any Party may move the Court to modify this Stipulation and Order upon good cause shown. If either Action settles or is dismissed, in whole or in part, or if discovery in either Action is stayed, good cause to revisit this Stipulation and Order or any agreement of the Parties theretofore reached pursuant to this Stipulation and Order shall exist.

The Court will issue an Order on all outstanding issues related to depositions, expert discovery, and class certification in January once it has issued

the decision on the outstanding Motions to Dismiss.

**IT IS SO ORDERED** this 20th day of December, 2017.

_____
**Amy Totenberg**
**United States District Judge**