# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: Arby's Restaurant Group, Inc. Data Security Litigation<br><br>CONSOLIDATED FINANCIAL INSTITUTION CASE | Case No. 1:17-cv-514-AT |

## ANSWER AND AFFIRMATIVE DEFENSES TO
## FINANCIAL INSTITUTION PLAINTIFFS'
## <u>CONSOLIDATED CLASS ACTION COMPLAINT</u>

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Arby's Restaurant Group ("ARG") hereby answers Financial Institution Plaintiffs' Consolidated Class Action Complaint, dated May 19, 2017 (the "Complaint"), as set forth below.  Any allegations in the Complaint not expressly admitted herein are denied.  Moreover, ARG denies any factual allegations contained in the headings of Complaint unless specifically admitted herein.

1.     ARG denies the allegations in the first sentence of paragraph 1.  ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 1 and, therefore, denies the same.  ARG admits the third sentence in paragraph 1.

2.     To the extent the allegations in paragraph 2 merely purport to quote or describe the contents of the article cited in footnote 1 of the Complaint, ARG states that such article is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, ARG denies the allegations.  ARG denies the remaining allegations in paragraph 2.

3.     To the extent the allegations in paragraph 3 merely purport to quote or describe the contents of the article cited in footnote 1 of the Complaint, ARG states that such article is the best source of its full content and context and, to the extent

such allegations do not accurately represent its full content and context, ARG denies the allegation.  ARG denies the remaining allegations in paragraph 3.

4.     The allegations in paragraph 4 merely purport to describe guidance, standards, and other resource documents issued by the FTC, Visa, MasterCard, Discover, and American Express; ARG states that such guidance, standards, and other resource documents are the best sources of their full content and context and, to the extent such allegations do not accurately represent their full content and context, ARG denies the allegations.

5.     ARG denies the allegations in paragraph 5.

6.     To the extent the allegations in paragraph 6 merely purport to describe ARG public disclosures on arbys.com/security in February 2017 regarding the criminal intrusion into its network (the "Intrusion"), ARG admits that it made public disclosures regarding the Intrusion and states that the disclosures are the best source of their full content and context and, to the extent such allegations do not accurately represent their full content and context, ARG denies the allegations. ARG similarly denies the allegations in paragraph 6 to the extent they merely purport to quote or describe the KrebsOnSecurity.com blog article cited therein and do not accurately represent its full content and context, and states that the blog

2

article itself is the best source of its full content and context.  ARG denies the remaining allegations in paragraph 6.

7.     To the extent the allegations in the first sentence of paragraph 7 seek to describe ARG public disclosures on February 9, 2017, March 10, 2017 and/or April 14, 2017 regarding the Intrusion, ARG admits that it made public disclosures on February 9, 2017, March 10, 2017 and/or April 14, 2017 regarding the Intrusion and states that these disclosures are the best source of their full content and context and, to the extent that the allegations in the first sentence of paragraph 7 do not accurately represent the disclosures' full content and context, ARG denies the allegations in the first sentence of paragraph 7.  ARG denies the allegation in paragraph 7 that the "estimated number of compromised credit and debit cards . . . [for] the total breach [is] likely in the tens of millions."  ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and, therefore, denies the same.

8.     ARG denies the allegations in paragraph 8.

9.     ARG denies the allegations in paragraph 9.

10.    ARG denies the allegations in paragraph 10.

11.    ARG denies the allegations in paragraph 11.

12.    ARG denies the allegations in paragraph 12.

13.     The allegations in paragraph 13 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 13 is required, ARG denies the same.

14.     The allegations in paragraph 14 consist of Plaintiffs' characterization of the Complaint, to which no response is required.  To the extent that a further response to the allegations in paragraph 14 is required, ARG denies the same and denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported class.

15.     The allegations in paragraph 15 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 15 is required, ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies the same.

16.     The allegations in paragraph 16 set forth legal conclusions to which no response is required.  To the extent that a further response to the allegations in the first sentence of paragraph 16 is required, ARG admits the same.  To the extent that a further response to the allegations in the second sentence of paragraph 16 is required, ARG denies the same.

17.     The allegations in paragraph 17 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 17 is required, ARG admits that its principal place of business is in this District, but denies that Plaintiffs have any actionable claims against ARG and denies any remaining allegations in paragraph 17.

18.     ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and, therefore, denies the same.

19.     ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, therefore, denies the same.

20.     ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and, therefore, denies the same.

21.     ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and, therefore, denies the same.

22.     ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and, therefore, denies the same.

23.     ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and, therefore, denies the same.

24.     ARG admits the allegations in the first sentence of paragraph 24. ARG admits that it accepts payment cards and processes payments through POS systems, but states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and, therefore, denies the same.

25.     ARG admits that it operates restaurants and that its first restaurant opened in 1964.  ARG denies the remaining allegations in paragraph 25.

26.     To the extent the allegations in paragraph 26 merely purport to quote or describe the contents of the article cited in footnotes 6 and 7 of the Complaint, ARG states that the article is the best source of its full content and context and, to the extent such allegations do not accurately represent the article's full content and context, ARG denies the allegations.  To the extent a further response to the allegations in paragraph 26 is required, ARG admits that ARG restaurants had

annual sales of approximately $1.12 billion in 2015 and denies the allegation in the second sentence of paragraph 26.

27.    To the extent the allegations in paragraph 27 merely purport to quote or describe the contents of the "Brand Milestones" website and an article by Beth Kowitt, ARG states that the website and article are the best source of their full content and context and, to the extent such allegations do not accurately represent their full content and context, ARG denies the allegations.  To the extent a further response to the allegations in paragraph 27 is required, ARG admits the allegation that it launched a remodeling effort named "Inspire Design" in 2014, that in 2015 nearly 200 ARG restaurants were remodeled, and that additional ARG restaurants have since been remodeled.   ARG denies the remaining allegations in paragraph 27.

28.    ARG denies the allegations in paragraph 28.

29.    To the extent the allegations in paragraph 29 merely purport to quote or describe the contents of documents produced by the Identity Theft Resource Center and Symantec, ARG states that those documents are the best source of their full content and context and, to the extent such allegations do not accurately represent their full content and context, ARG denies the allegations.  ARG states

that it lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 29 and, therefore, denies the same.

30.     To the extent the allegations in paragraph 30 merely purport to quote or describe the contents of a KrebsOnSecurity blog article and a document published by the SANS Institute, ARG states that the blog article and document are the best source of their full content and context and, to the extent such allegations do not accurately represent their full content and context, ARG denies the allegations.   ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 30 and, therefore, denies the same.

31.     ARG admits that a POS system is sometimes, but not always, an on-site device which manages transactions from consumer purchases, by cash and card.  To the extent the allegations in the second and third sentences of paragraph 31 merely purport to quote a document produced by Symantec and a book by Salva Gomzin, ARG states that the documents are the best source of their full content and context and, to the extent such allegations do not accurately represent their full content and context, ARG denies the allegations.   ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 31 and, therefore, denies the same.

32.     To the extent the allegations in paragraph 32 merely purport to quote or describe the contents of a book by Salva Gomzin, ARG states that the book is the best source of its full content and context and, to the extent such allegations do not accurately represent the book's full content and context, ARG denies the allegations.  ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 32 and, therefore, denies the same.

33.     To the extent the allegations in paragraph 33 merely purport to quote or describe the contents of a document produced by Symantec and a book by Salva Gomzin, ARG states that the document and book are the best source of their full content and context and, to the extent such allegations do not accurately represent their full content and context, ARG denies the allegations.  ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 33 and, therefore, denies the same.

34.     To the extent the allegations in paragraph 34 merely purport to quote or describe the content of documents published by the SANS Institute and Symantec, ARG states that those documents are the best sources of their full content and context and, to the extent such allegations do not accurately represent those documents' full content and context, ARG denies the allegations.  ARG

states that it lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 34 and, therefore, denies the same.

35.     To the extent the allegations in paragraph 35 merely purport to quote or describe the content of documents published by the SANS Institute and Symantec, ARG states that those documents are the best sources of their full content and context and, to the extent such allegations do not accurately represent those documents' full content and context, ARG denies the allegations.  ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 35 and, therefore, denies the same.

36.     To the extent the allegation in paragraph 36 merely purports to replicate or describe the contents of a figure from an unidentified source, ARG states that the figure and its source are the best source of the figure's full content and context and, to the extent such allegation does not accurately represent the figure's full content and context, ARG denies the allegation.  ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 36 and, therefore, denies the same.

37.     ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and, therefore, denies the same.

38.     ARG denies the allegations in paragraph 38.

39.     ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and, therefore, denies the same.   Further, to the extent the allegations in the second, third, and fourth sentences of paragraph 39 merely purport to quote or describe a 2016 report by Verizon, ARG states that the report is the best source of its full content and context and, to the extent such allegations do not accurately represent the report's full content and context, ARG denies the allegations.

40.     ARG denies the allegations in paragraph 40.

41.     ARG denies the allegation in paragraph 41.

42.     ARG denies the allegation in the first sentence of paragraph 42.   To the extent the allegations in paragraph 42 merely purport to quote or describe the contents of a statement on Wendys.com and a KrebsOnSecurity blog article, ARG states that the statement and blog article are the best source of their full content and context and, to the extent such allegations do not accurately represent their full content and context, ARG denies the allegations.   ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 42 and, therefore, denies the same.

43.   ARG admits that ARG and Wendy's International, Inc. were corporate affiliates between September 2008 and July 2011 as a result of a merger that created Wendy's/Arby's Group, Inc., and that ARG deployed Aloha payment applications, Radiant POS terminals, and NCR payment terminals in its stores. To the extent the allegations in paragraph 43 merely purport to quote or describe the contents of documents produced by NCR Corp. and QSR Web, ARG states that those documents are the best source of their full content and context and, to the extent such allegations do not accurately represent the documents' full content and context, ARG denies the allegations. ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 43 and, therefore, denies the same. ARG denies the remaining allegations paragraph 43.

44.   The first sentence of paragraph 44 merely purports to quote from the article cited in footnote 40 of the Complaint; ARG states that such article is the best source of its full content and context and, to the extent such allegation does not accurately represent its full content and context, ARG denies the allegation. ARG denies the allegations in the second sentence of paragraph 44.

45.   ARG denies the allegations in the first sentence of paragraph 45. To the extent the allegation in the second sentence of paragraph 45 merely purports to

describe standards and guidance set forth by various payment card networks, data security organizations, state governments, and federal agencies, ARG states that those standards and guidance documents are the best source of their full content and context and, to the extent such allegation does not accurately represent their full content and context, ARG denies the same.

46.     ARG denies the allegation in the first sentence in paragraph 46.  The allegations in the second and third sentences of paragraph 46 merely purport to quote and describe the content of the Verizon and Trader reports cited therein; ARG states that those reports are the best source of their full content and context and, to the extent such allegations do not accurately represent their full content and context, ARG denies the allegations.

47.     ARG denies the allegation in paragraph 47.

48.     ARG denies the allegations in paragraph 48, but avers that ARG was aware of its obligations regarding the collection and storage of information regarding its customers.

49.     ARG admits that tens of thousands of daily credit card transactions occur at ARG restaurants, but otherwise denies the allegations in paragraph 49.

50.     ARG denies the allegation in paragraph 50.

51.     ARG admits that one or more criminals installed malware on certain point of sale devices.  To the extent that the allegations in paragraph 51 merely purport to describe the contents of the arbys.com/security website, ARG states that the website is the best source of its full content and context and, to the extent such allegations do not accurately represent the website's full content and context, ARG denies the allegations.  ARG denies the remaining allegations in paragraph 51.

52.     To the extent the allegations in paragraph 52 merely purport to quote or describe the contents of a KrebsOnSecurity blog article, ARG states that the blog article is the best source of its full content and context and, to the extent such allegations do not accurately represent the blog article's full content and context, ARG denies the allegations.  ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 52 and, therefore, denies the same.

53.     To the extent that the allegations in paragraph 53 merely purport to describe the content of an alert by PSCU and public disclosures by ARG regarding the Intrusion, ARG states that the alert and ARG public disclosures are the best source of their full content and context and, to the extent such allegations do not accurately represent the alert's and the disclosures' full content and context, ARG denies the allegations. To the extent that a further response to the allegations in

paragraph 53 is required, ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

54.     ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and, therefore, denies the same.

55.     ARG denies the allegation in the first sentence of paragraph 55.  The allegations in the second and third sentences of paragraph 55 purport to describe the content of a KrebsOnSecurity blog article and a statement by an ARG representative, respectively; ARG states that the blog article and statement are the best source of their full content and context and, to the extent such allegations do not accurately represent its full content and context, ARG denies the allegations.

56.     The allegations in paragraph 56 purport to describe the content of a KrebsOnSecurity blog article and a statement by an ARG representative, respectively; ARG states that the blog article and statement are the best source of their full content and context and, to the extent such allegations do not accurately represent its full content and context, ARG denies the allegations.

57.     The allegations in paragraph 57 purport to quote from and describe the content of a public disclosure by ARG on February 9, 2017 regarding the

Intrusion; ARG states that the disclosure is the best source of its full content and context and, to the extent such allegations do not accurately represent the disclosure's full content and context, ARG denies the allegations.  ARG denies any remaining allegations in paragraph 57.

58.     To the extent that the allegations in paragraph 58 merely purport to quote from and describe the content of ARG's February 9, 2017 disclosure, ARG states that the disclosure is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, ARG denies the allegations.  ARG denies any remaining allegations in paragraph 58.

59.     The allegations in paragraph 59 purport to describe the content of ARG's March 10, 2017 disclosure regarding the Intrusion; ARG states that the disclosure is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, ARG denies the allegation.  ARG denies any remaining allegations in paragraph 59.

60.     To the extent the allegations in the first sentence of paragraph 60 merely purport to describe the content of public disclosures by ARG about the Intrusion, ARG states that the disclosures are the best source of their full content and context and, to the extent such allegations do not accurately represent the

16

disclosures' full content and context, ARG denies the allegations.  ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 60 and, therefore, denies the same. ARG denies the remaining allegations in paragraph 60.

61.   ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph 61 and, therefore, denies the same.  ARG denies the allegation in the second sentence of paragraph 61.

62.   ARG denies the allegations in paragraph 62.

63.   To the extent that the allegations in paragraph 63 merely purport to describe the content of public disclosures by ARG regarding the Intrusion, ARG states that the disclosures are the best source of their full content and context and, to the extent such allegations do not accurately represent the disclosures' full content and context, ARG denies the allegations.  ARG denies the remaining allegations in paragraph 63.

64.   To the extent that the allegations in paragraph 64 merely purport to describe the content of public disclosures by ARG regarding the Intrusion, ARG states that these disclosures are the best source of their full content and context and, to the extent such allegations do not accurately represent the disclosures' full

content and context, ARG denies the allegations.   ARG denies all remaining allegations in paragraph 64.

65.    ARG denies the allegations and characterizations in the first and second sentences of paragraph 65.   ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the third sentence of paragraph 65 and, therefore, denies the same.   ARG denies the allegations in the fourth and fifth sentences of paragraph 65.

66.    The allegations in the first and third sentences of paragraph 66 set forth legal conclusions to which no response is required.   To the extent that a further response to the allegations in the first and third sentences of paragraph 66 is required, ARG denies the same.   ARG denies the allegation in the second sentence of paragraph 66.

67.    The allegations in paragraph 67 purport to quote or describe articles by Symantec and Datacap Systems; ARG states that the articles are the best source of their full content and context and, to the extent such allegations do not accurately represent the articles' full content and context, ARG denies the allegations.

68.    The allegations in paragraph 68 purport to describe the contents of Card and Merchant Operating Regulations; ARG states that the Card and Merchant

Operating Regulations are the best source of their full content and context and, to the extent such allegations do not accurately represent the Operating Regulations' full content and context, ARG denies the allegations.

69.     To the extent the allegations in paragraph 69 merely purport to quote or describe the contents of documents produced by Symantec and Datacap Systems, ARG states that those documents are the best source of their full content and context and, to the extent such allegations do not accurately represent their full content and context, ARG denies the allegations.  ARG admits that EMV chip technology uses embedded computer chips to store payment card data, increases the security of payment cards on which it is implemented, and makes it more difficult for criminals to profit from stolen payment card data associated with payment cards that use the technology.  ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and, therefore, denies the same.

70.     The allegations in paragraph 70 purport to quote or describe the contents of a PCI Council Merchant Guide and Card Operating Regulations; ARG states that those documents are the best sources of their full content and context and, to the extent such allegations do not accurately represent the documents' full content and context, ARG denies the allegations.

71.    The allegations in paragraph 71 merely purport to quote or describe the contents of the PCI DSS; ARG states that the PCI DSS is the best source of its full content and context and, to the extent such allegations do not accurately represent the PCI DSS's full content and context, ARG denies the allegations.

72.    The allegations in paragraph 72 merely purport to quote or describe the contents of the PCI DSS; ARG states that the PCI DSS is the best source of its full content and context and, to the extent such allegations do not accurately represent the PCI DSS's full content and context, ARG denies the allegations.

73.    To the extent the allegations in paragraph 73 merely purport to quote or describe the contents of the PCI DSS, ARG states that the PCI DSS is the best source of its full content and context and, to the extent such allegations do not accurately represent the PCI DSS's full content and context, ARG denies the allegations.  ARG denies any remaining allegations in paragraph 73.

74.    ARG denies the allegation in the first sentence of paragraph 74.  The allegations in the second and third sentences of paragraph 74 purport to describe or quote from the SANS report cited in footnote 54 of the Complaint; ARG states that the SANS report is the best source of its full content and context and, to the extent such allegation does not accurately represent its full content and context, ARG denies the allegations.  ARG states that it lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of paragraph 74 and, therefore, denies the same.

75.     ARG admits that certain federal and state governments have issued recommendations and guidance regarding data security.   To the extent the allegations in paragraph 75 merely purport to describe the recommendations and guidance referenced in paragraph 75, ARG states that those recommendations and guidance documents are the best sources of their full content and context and, to the extent such allegations do not accurately represent their full content and context, ARG denies the allegations.  To the extent that a further response to the allegations in paragraph 75 is required, ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 75 and, therefore, denies the same.

76.     ARG admits that the FTC has purported to bring enforcement actions against businesses for data security violations that the FTC asserts violated Section 5 of the FTC Act.   The second sentence of paragraph 76 sets forth legal conclusions to which no response is required.  To the extent that a further response to the allegations in the second sentence of paragraph 76 is required, ARG denies the same.

77.    The allegations in paragraph 77 set forth legal conclusions to which no response is required.  Further, to the extent the allegations in paragraph 77 merely purport to describe the contents of the state statutes cited, ARG states that those statutes are the best sources of their full content and context and, to the extent the allegations do no accurately reflect their full content and context, denies the same.

78.    ARG denies the allegations in paragraph 78, except that ARG admits it was aware that under its contract with its acquiring bank ARG had certain contractual obligations to its acquiring bank regarding the protection against theft of payment card information ARG collected from holders of Visa- and MasterCard-branded payment cards.

79.    The allegation in paragraph 79 sets forth a legal conclusion to which no response is required.  To the extent a further response to the allegation in paragraph 79 is required, ARG denies the same.

80.    The allegations in paragraph 80 set forth legal conclusions to which no response is required.  To the extent a further response to the allegations in paragraph 80 is required, ARG denies the same.

81.     ARG admits that its annual profits have increased since 2013 and that ARG has made expenditures for marketing, remodeling restaurants, menu items, and its brand.  ARG denies the remaining allegations in paragraph 81.

82.     The allegation in paragraph 82 sets forth a legal conclusion to which no response is required.  To the extent a further response to the allegation in paragraph 82 is required, ARG denies the same.

83.     The allegation in paragraph 83 sets forth a legal conclusion to which no response is required.  To the extent a further response to the allegation in paragraph 83 is required, ARG denies the same.

84.     The allegation in paragraph 84 consists of a legal conclusion and Plaintiffs' characterization of their claims and terminology to which no response is required.  To the extent that a further response to the allegations in paragraph 84 is required, ARG denies the same, denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported Nationwide Class, and denies that such a class may be certified under Rule 23 of the Federal Rules of Civil Procedure.

85.     The allegation in paragraph 85 consists of Plaintiffs' characterization of their terminology, to which no response is required.  To the extent that a further response to the allegations in paragraph 85 is required, ARG denies the same and

23

denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported Class.

86.     Paragraph 86 consists of a reservation of rights, to which no response is required.  To the extent that a further response to the allegations in paragraph 86 is required, ARG denies the same.

87.     The allegations in paragraph 87 set forth legal conclusions to which no response is required.  To the extent that a further response to the allegations in paragraph 87 is required, ARG denies the same.

88.     The allegations in paragraph 88 sets forth a legal conclusion, to which no response is required.  To the extent a further response to the allegations in paragraph 88is required, ARG denies the same.

89.     The allegations in paragraph 89 set forth legal conclusions, to which no response is required.  To the extent a further response to the allegations in paragraph 89 is required, ARG denies the same.

90.     The allegations in paragraph 90 set forth legal conclusions, to which no response is required.  To the extent a further response to the allegations in paragraph 90 is required, ARG denies the same.

91.    The allegations in paragraph 91 set forth legal conclusions, to which no response is required.   To the extent a further response to the allegations in paragraph 91 is required, ARG denies the same.

92.    The allegations in paragraph 92 set forth legal conclusions, to which no response is required.   To the extent a further response to the allegations in paragraph 92 is required, ARG denies the same.

93.    ARG denies the allegation in paragraph 93.

94.    ARG denies the allegation in paragraph 94.

95.    ARG admits that ARG has corporate systems relating to point-of-sale and IT personnel located in its headquarters in Georgia.   ARG admits the allegation in the second sentence of paragraph 95.

96.    The allegation in paragraph 96 sets forth a legal conclusion, to which no response is required.   To the extent a further response to the allegation in paragraph 96 is required, ARG denies the same.

97.    The allegation in paragraph 97 sets forth a legal conclusion, to which no response is required.   To the extent a further response to the allegation in paragraph 97 is required, ARG denies the same.

98.    The allegation in paragraph 98 purports to describe the provisions of Arby's licensing agreements with franchisees; ARG states that the agreements are

the best sources of their full content and context and, to the extent such allegation does not accurately represent their full content and context, ARG denies the allegation.

99.    The allegation in paragraph 99 sets forth a legal conclusion, to which no response is required.  To the extent a further response to the allegation in paragraph 99 is required, ARG denies the same.

100.   The allegation in paragraph 100 sets forth a legal conclusion, to which no response is required.  To the extent a further response to the allegation in paragraph 100 is required, ARG denies the same.

<u>COUNT I</u>
NEGLIGENCE

101.   The allegations in paragraph 101 set forth legal conclusions, to which no response is required.  To the extent a further response to the allegations in paragraph 101 is required, ARG denies the same.

102.   The allegations in paragraph 102 set forth legal conclusions, to which no response is required.  To the extent a further response to the allegations in paragraph 102 is required, ARG denies the same.

103.   The allegations in the first and third sentences of paragraph 103 sets forth a legal conclusion, to which no response is required.  To the extent a further response to the allegation in the first and third sentences of paragraph 103 is

required, ARG denies the same.  ARG denies the allegations in the second sentence of paragraph 103.

104.   The allegations in paragraph 104 set forth legal conclusions, to which no response is required.  To the extent a further response to the allegations in paragraph 104 is required, ARG denies the same.

105.   The allegations in paragraph 105 set forth legal conclusions, to which no response is required.  To the extent a further response to the allegations in paragraph 105 is required, ARG denies the same.

106.   The allegations in paragraph 106 set forth legal conclusions, to which no response is required.  To the extent a further response to the allegations in paragraph 106 is required, ARG denies the same.

107.   ARG denies the allegations in the first, third, and sixth sentences of paragraph 107.  ARG admits that it has increased profitability and has invested in remodeling restaurants and in its business, but otherwise denies the allegations in the second sentence of paragraph 107.  ARG denies the allegation in the fourth sentence of paragraph 107.  To the extent the allegation in the fifth sentence of paragraph 107 merely purports to describe guidance, standards, and other resource documents issued by the FTC, PCI, and security experts, ARG states that those documents are the best sources of their full content and context and, to the extent

such allegation does not accurately represent their full content and context, ARG denies the allegation.  ARG denies any remaining allegations in paragraph 107.

108.   The allegations in paragraph 108 set forth legal conclusions, to which no response is required.  To the extent a further response to the allegations in paragraph 108 is required, ARG denies the same.

109.   The allegation in paragraph 109 sets forth a legal conclusion, to which no response is required.  To the extent a further response to the allegation in paragraph 109 is required, ARG denies the same.

COUNT II
NEGLIGENCE PER SE

110.   To the extent the allegation in the first sentence of paragraph 110 merely purports to quote Section 5 of the Federal Trade Commission Act, ARG states that the statute is the best source of its full content and context and, to the extent such allegation does not accurately represent its full content and context, ARG denies the allegation.    The remaining allegations in paragraph 110 set forth legal conclusions, to which no response is required.  To the extent a further response to the remaining allegations in paragraph 110 is required, ARG denies the same.

28

111.   The allegations in paragraph 111 set forth legal conclusions, to which no response is required.   To the extent a further response to the allegations in paragraph 111 is required, ARG denies the same.

112.   The allegation in paragraph 112 sets forth a legal conclusion, to which no response is required.   To the extent a further response to the allegation in paragraph 112 is required, ARG denies the same.

113.   The allegation in the first sentence of paragraph 113 sets forth a legal conclusion, to which no response is required.   To the extent a further response to the allegation in the first sentence of paragraph 113 is required, ARG denies the same.   ARG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 113 and, therefore, denies the same.

114.   ARG admits that the FTC has purported to bring enforcement actions against businesses for data security violations that the FTC asserts violated Section 5 of the FTC Act.   The remaining allegations in paragraph 114 sets forth legal conclusions, to which no response is required.   To the extent a further response to the allegations in paragraph 114 is required, ARG denies the same.

115.   The allegations in paragraph 115 set forth legal conclusions, to which no response is required.   To the extent a further response to the allegations in paragraph 115 is required, ARG denies the same.

116.   The allegation in paragraph 116 sets forth a legal conclusion, to which no response is required.   To the extent a further response to the allegation in paragraph 116 is required, ARG denies the same.

COUNT III<br>DECLARATORY AND INJUNCTIVE RELIEF

117.   The allegations in paragraph 117 set forth legal conclusions, to which no response is required.   To the extent a further response to the allegations in paragraph 117 is required, ARG denies the same.

118.   The allegation in the first sentence of paragraph 118 sets forth a legal conclusion, to which no response is required.   To the extent a further response to the allegation in the first sentence of paragraph 118 is required, ARG denies the same. The second sentence of paragraph 118 consists of Plaintiffs' characterization of the Complaint, to which no response is required.   To the extent that a further response to the allegations in paragraph 118 is required, ARG admits that Plaintiffs have so alleged and denies the same.   ARG states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegation in the third sentence of paragraph 118, and therefore denies the same.

119.   Paragraph 119 consists of Plaintiffs' description of the relief they seek, to which no response is required.  To the extent that a further response to the allegations in paragraph 119 is required, ARG denies the allegations in paragraphs 119, 119a, 119b, and 119c and ARG additionally denies that Plaintiffs are entitled to the relief described in paragraph 119.

120.   Paragraph 120 consists of Plaintiffs' description of the relief they seek, to which no response is required.  To the extent that a further response to any allegation in paragraph 120 is required, ARG denies the allegation and additionally denies that Plaintiffs are entitled to the relief described in paragraph 120.

121.   The allegations in paragraph 121 set forth legal conclusions, to which no response is required.  To the extent a further response to the allegations in paragraph 121 is required, ARG denies the same.

122.   The allegations in paragraph 122 set forth legal conclusions, to which no response is required.  To the extent a further response to the allegations in paragraph 122 is required, ARG denies the same.

123.   The allegations in paragraph 123 set forth legal conclusions, to which no response is required.  To the extent a further response to the allegations in paragraph 123 is required, ARG denies the same.

## PRAYER FOR RELIEF

124.   Paragraph 124 consists of Plaintiffs' request for relief, to which no response is required.  To the extent that a further response to paragraph 124 is required, ARG denies that Plaintiffs are entitled to the relief they seek.

## JURY TRIAL DEMANDED

125.   The allegation in paragraph 125 is a demand for jury trial to which no response is required.

## AFFIRMATIVE DEFENSES

### First Defense

The damages suffered by Plaintiffs, if any, were caused by the acts of others for whose conduct ARG was not responsible, including but potentially not limited to the criminals who perpetrated the intrusion and one or more of the payment card brands, and for whose actions ARG cannot be found liable.

### Second Defense

By unnecessarily and unreasonably cancelling and reissuing their customers' payment cards in response to the intrusion, or taking or failing to take other actions relative to the payment cards they issued, Plaintiffs (and/or third parties whose actions and inactions are attributable and/or imputable to Plaintiffs) negligently caused or contributed to any injury Plaintiffs allegedly have suffered.  Under the doctrine of contributory negligence, said negligent actions or inactions have eliminated Plaintiffs' ability to recover on their negligence and negligence per se claims.  Alternatively, under the doctrine of comparative fault, said negligent actions or inactions have eliminated or reduced Plaintiffs' ability to recover on their negligence and negligence per se claims.

## **Third Defense**

Plaintiffs (and/or third parties whose actions and inactions are attributable and/or imputable to Plaintiffs) negligently failed to implement certain policies or procedures, including but not limited to implementation of velocity controls and transaction limits, monitoring of international transactions, and use of fraud detection software such as "Advanced Authorization," "Falcon Fraud Manager," and/or "Risk Finder", all of which would have either eliminated or substantially reduced the risk of or from a data compromise event such as the one that allegedly occurred at ARG or placed Plaintiffs in a position to more appropriately respond to such a data compromise event.  Under the doctrine of contributory negligence, said negligence has eliminated Plaintiffs' ability to recover on their negligence and negligence per se claims.  Alternatively, under the doctrine of comparative fault, said negligence has eliminated or reduced Plaintiffs' ability to recover on their negligence and negligence per se claims.

## **Fourth Defense**

By failing to implement EMV chip technology on their payment cards, or taking or failing to take other actions relative to the security of the payment cards they issued, Plaintiffs (and/or third parties whose actions and inactions are attributable and/or imputable to Plaintiffs) negligently caused or contributed to any

injury Plaintiffs allegedly have suffered.   Under the doctrine of contributory negligence, said negligent actions or inactions have eliminated Plaintiffs' ability to recover on their negligence and negligence per se claims.   Alternatively, under the doctrine of comparative fault, said negligent actions or inactions have eliminated or reduced Plaintiffs' ability to recover on their negligence and negligence per se claims.

## Fifth Defense

Plaintiffs knew of the possibility that any payment card they issued could be the target of a successful criminal intrusion.   Plaintiffs' negligence and negligence per se claims are therefore barred by the assumption of risk doctrine.

## Sixth Defense

By willingly participating in a U.S. payment card system that, by its nature, cannot provide absolute security for payment cards and that creates an incentive for hackers to target U.S. merchants, Plaintiffs agreed to, and participated in, those actions which Plaintiffs claim to have caused injury or damages.   Since such participation and consent were given knowingly and voluntarily, Plaintiffs' negligence and negligence per se claims are invalid.

**Seventh Defense**

Plaintiffs' damages claims are barred to the extent they have failed to take steps to mitigate their alleged damages.

**Eighth Defense**

Plaintiffs' damages claims are barred to the extent some or all of the efforts by Plaintiffs to mitigate their alleged damages were not reasonable.

**Ninth Defense**

Plaintiffs' negligence and negligence per se claims are barred to the extent they are based on alleged payment card fraud resulting from the intrusion that was caused by the intervening, supervening, or superseding acts of third-party criminals.

**Tenth Defense**

Persons or entities other than ARG, including but potentially not limited to the criminals who perpetrated the intrusion and one or more of the payment card brands, tortiously caused or contributed to the damages Plaintiffs claim to have suffered.  Therefore, any award made in favor of Plaintiffs must be reduced by an amount equal to the percentage of fault of such others in tortiously causing or contributing to the damages alleged in the Complaint.

## **Eleventh Defense**

Plaintiffs' negligence per se claim is barred because it is premised on a statute that cannot sustain a claim for negligence per se.

## **Twelfth Defense**

Plaintiffs' negligence per se claim is barred because Plaintiffs have failed to plead and in any event cannot show any violation by ARG of Section 5 of the FTC Act, including but not limited to any of the following necessary elements of any such violation predicated on the theory that ARG engaged in an "unfair" act or practice within the meaning of Section 5: (i) that the allegedly unfair act or practice causes or is likely to cause substantial consumer injury not reasonably avoidable by the consumers in question and not outweighed by countervailing benefits of the act or practice; (ii) that the allegedly unfair act or practice involved security deficiencies on ARG part that were both multiple and systemic in nature; and (iii) that the allegedly unfair practice involved a sufficiently culpable state of mind on ARG part to make the act or practice "unfair" within the meaning of Section 5. Plaintiffs' negligence per se claim is further barred because ARG lacked constitutionally sufficient fair notice that Section 5 of the FTC Act could be violated on the facts of this case. Plaintiffs' negligence per se claim is further barred because a violation of Section 5 of the FTC Act cannot constitute the

predicate for a negligence per se claim under Georgia law; because in any event under Georgia law a negligence per se claim predicated on Section 5 cannot be brought by banks who are not themselves "consumers" within the meaning of Section 5 and who in any event "consumed" no product or service of ARG; and because in any event ARG lacked constitutionally sufficient fair notice of the interpretations of Georgia law on which Plaintiffs' negligence per se claim is based..

### Thirteenth Defense

Some or all Plaintiffs lack standing to bring their statutory claims.

### Fourteenth Defense

Plaintiffs' negligence per se claim is barred because Plaintiffs were not within the class or persons the statute was intended to protect, and/or suffered no harm the statute was intended to guard against.

### Fifteenth Defense

Plaintiffs' negligence and negligence per se claims are barred because ARG does not owe a common-law or statutory duty of care to Plaintiffs.

## Sixteenth Defense

Plaintiffs have failed to allege and cannot demonstrate any special relationship with ARG or any other circumstance giving rise to a duty on the part of ARG to prevent third-party criminal acts.

## Seventeenth Defense

The claims purportedly stated by Plaintiffs are barred, in whole or in part, by a lack of actual or proximate cause.

## Eighteenth Defense

Plaintiffs' alleged damages, if any, were not reasonably foreseeable.

## Nineteenth Defense

Plaintiffs' negligence and negligence per se claims are barred because Plaintiffs did not suffer any damages or injuries that were caused by an act or omission of ARG.

## Twentieth Defense

Plaintiffs' damages claims are barred to the extent Plaintiffs seek reimbursement for the costs of cancelling and reissuing payment cards and other damages that Plaintiffs would have incurred in the ordinary course of business.

### Twenty-First Defense

Some or all of the alleged damages claimed by Plaintiffs are not legally cognizable injuries.

### Twenty-Second Defense

Some or all of the Plaintiffs have suffered no damages.

### Twenty-Third Defense

Plaintiffs' claims are barred by the economic loss doctrine.

### Twenty-Fourth Defense

Plaintiffs' claims are barred to the extent that they were released as part of any agreement or settlement, including in connection with their participation in any card brand network.

### Twenty-Fifth Defense

Plaintiffs' claims are barred to the extent Plaintiffs seek to recover any amounts recovered or available from any payment card brands.

### Twenty-Sixth Defense

Any damages suffered by Plaintiffs caused by ARG as alleged in the Complaint are completely offset by profits Plaintiffs made as a result of their decision to issue payment cards, including but not limited to any interchange fees, and thus Plaintiffs have no damages.

### Twenty-Seventh Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and ratification.

### Twenty-Eighth Defense

Plaintiffs' claims may not properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

### Twenty-Ninth Defense

ARG's actions did not offend public policy or any established concept of fairness.

### Thirtieth Defense

ARG's actions did not cause substantial injury to consumers, competitors, or other businesspersons.

### Thirty-First Defense

ARG has committed no *per se* violations of any law, statute, rule, regulation or ordinance which proscribes unfair methods of competition or unfair, deceptive, or unconscionable acts or practices.

### Thirty-Second Defense

Any alleged unfair, deceptive, or unconscionable acts or practices by ARG did not affect the public interest and were not consumer-oriented.

## **Reservation of Rights**

ARG reserves the right to amend this Answer or to assert other defenses as this action proceeds.  Based on all the foregoing as well as other grounds, ARG denies that Plaintiffs are entitled to any relief whatsoever.

Respectfully submitted this 4th day of April, 2018.

*/s/ Robert B. Remar*
Robert B. Remar
Ga. Bar No. 600575
Joshua P. Gunnemann
Ga. Bar No. 152250
Austin J. Hemmer
Ga. Bar No. 563104

**ROGERS & HARDIN LLP**
2700 International Tower
229 Peachtree Street NE
Atlanta, Georgia 30303
Telephone:  (404) 522-4700
Facsimile:  (404) 525-2224
rremar@rh-law.com
jgunnemann@rh-law.com
ahemmer@rh-law.com

Douglas H. Meal (pro hac vice)
Seth C. Harrington (pro hac vice)
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, MA  02199-3600
Telephone:  (617) 951-7000
Facsimile:  (617) 951-7050
douglas.meal@ropesgray.com
seth.harrington@ropesgray.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>
## <u>AND COMPLIANCE WITH LOCAL RULE 5.1</u>

I hereby certify that I have this date electronically filed the within and foregoing, which has been prepared using 14-point Times New Roman font, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 4th day of April, 2018.

Respectfully submitted,

*/s/ Robert B. Remar*
Robert B. Remar
Ga. Bar No. 600575
Joshua P. Gunnemann
Ga. Bar No. 152250
Austin J. Hemmer
Ga. Bar No. 563104

**ROGERS & HARDIN LLP**
2700 International Tower
229 Peachtree Street NE
Atlanta, Georgia 30303
Telephone:  (404) 522-4700
Facsimile:  (404) 525-2224
rremar@rh-law.com
jgunnemann@rh-law.com
ahemmer@rh-law.com